Budd v. Crea.

### BUDD *against* CREA.

#### IN ERROR.

Where the judges refuse to allow all the evidence that has been given in a cause to be inserted in a bill of exceptions, it cannot be taken advantage of by writ of error. *Query.* Whether by *certiorari* or *mandamus?*

Crea, the defendant in error, brought an action against Budd in the court below, for breach of a promise of marriage. In mitigation of damages, and to shew the ground upon which he had failed to comply with the engagement on his part, Budd offered to prove, that, after the contract was made, Crea had been guilty of the most lewd and improper conduct, in offering to go to bed with one Cook,

---

undressing herself before him, and other wanton and inde-
cent behavior. The evidence being objected to by the coun-
sel for the plaintiff, was overruled by the court : to their
opinion exceptions were taken, and the cause removed by
writ of error.

*Elisha Boudinot* and *A. Ogden,* for the plaintiff in error,
relied upon two grounds—1. That the evidence was improp-
erly overruled.

2. That the court below had refused to insert all the evi-
dence in the bill of exceptions.

1. The evidence that was offered was highly proper in an
action of this description, where the amount of damages is
to be estimated according to the injury that has been
inflicted. It is impossible to contend, that where a woman
so grossly outrages the laws of decorum, as the defendant
below was prepared to prove in the present instance, she
ought to be allowed to come into court to recover the same
amount of damages, as if her conduct had been regulated
by rules of propriety. Nor is a man, who, upon discover-
ing the woman to whom he has promised marriage, to be
a lewd and wanton character, dissolves the engagement,
equally culpable in the eye of morality or of reason with
him, who, from mere caprice or volatility, or from worse
motives, aims a blow at the happiness of an innocent and
stainless victim, aggravating the actual wrong by the gross-
est insult. The one is exonerated from all censure in the
eye of the world, the other justly incurs the disapprobation
and contempt of his neighbors.

If, then, a difference of so important a kind may exist,
and this difference is so materially to affect the measure of
damages, it becomes a part of the inquiry to ascertain under
what circumstances, and from what causes the contract was
dissolved ? and what was the character of the woman who
comes forward to complain of an injury to her rights, and to
obtain compensation for her wounded feelings  The char-

acter of the plaintiff is directly in issue. In *Roberts* v. *Mal-ston, Bull. N. P.* 271,* the doctrine is laid down, that in an action for criminal conversation, the defendant may give in evidence particular facts of the wife's adultery with other persons, or that she had a bastard before her marriage ; because in an action of this kind, her character is directly in issue. The same case is reported, and the same doctrine confirmed, in 1 *Morgan's Essays* 36. The principle is fairly applicable to this species of action.

2. The court refused to permit the whole evidence to be stated in the bill of exceptions. The entire evidence of a case is so connected, and that which is offered depends so much upon what precedes it, that it is almost impossible to determine whether the testimony offered was or was not properly overruled. In many cases facts may be proved, by way of rebutter, which of themselves, and in the first instance, would be inadmissible. The court is presented with an imperfect and garbled state of the case, and the means of judging correctly are not afforded them.

*Ab. Ogden*, contra. Without entering into a particular examination of the different arguments which have been, and may be employed in a case of this nature, similar to those which have been urged, it may be proper to remark, that all the cases cited, furnish no ground upon which the court can decide, except by analogy. There is little similarity between an action for criminal conversation and an action for the breach of a marriage contract, and arguments drawn from the practice of courts in one, furnish little light in deciding upon the other.

With regard, however, to this particular case, if any part of the evidence offered was inadmissible, even upon the extension of the principle that has been adopted in cases of criminal conversation, the whole was properly rejected. Testimony was offered to prove general wanton and inde-

---

* See also, *Elsam* v, *Fawcet*, 2 *Esp. Ca.* 562. *Peake's Ev.* 7. *Selw. N. P.* 18.

cent behavior, and this part of the evidence was so connected with the other that it would have been impossible for the court to have undertaken to divide them. At any rate, the offer made was to introduce testimony, some of which might, upon the principles contended for, have been proper; other parts of it, however, going to prove general character, are excluded by the authorities which they have themselves cited, and if the court, in overruling the whole, prevented the introduction of that which was legal, it must be attributed to themselves, who connected the whole together.

2. The refusal of the court to permit all the evidence in a cause to be introduced into a bill of exceptions, is now, for the first time, brought forward as a ground for reversing a judgment on a writ of error. It was unquestionably an act of adjudication, but it is not less clear that a decision upon a collateral question of this kind, is not such a one as would authorize a writ of error; if it would not serve as a foundation for a writ of error, it is because the mistake, if any there be, is insufficient, or because there is another and an adequate remedy for the party who considers himself as aggrieved. It is not a final judgment, and therefore no writ of error will lie; the consequence is irresistible, that it cannot, when error is brought upon another point, serve as a ground to reverse the judgment. The question, whether the inferior court did right or wrong is perfectly immaterial at this time; the proper remedy is by *certiorari.*

KINSEY, C. J. Perhaps by *mandamus.*

*A. Ogden,* in reply. In all assumpsits or undertakings the law requires a consideration; and the party, upon being sued upon his contract, is at liberty to go into the consideration upon which it stands. In a promise of marriage, the undertaking, which the law and which common sense require on the part of the woman, is, that she should be chaste and faithful, and demean herself with propriety subsequent to

the engagement.   If there is any failure in this respect, she has violated her duty, she has destroyed the consideration upon which the contract was founded, and the other party would sacrifice his prospects of happiness, and put, at least, in jeopardy his character in society, by uniting himself in marriage with a woman whose principles he had discovered to be corrupt, and whose behavior he had ascertained to be infamous.

As to part of the testimony being irrelevant to the issue, or legally objectionable, the court ought to have overruled only that which was inadmissible, and received the rest. The error of which we complain is, that we offered testi- mony which we had a right to lay before the jury, and the court refused to admit it.   It is no answer to this to say that we offered other evidence which was properly rejected.

KINSEY, C. J., delivered the opinion of the court.   Two objections have been urged why this judgment should be reversed.   1. That the court below refused to admit the defendant to prove, that the plaintiff had offered to go to bed with another man; had undressed herself before him, and been guilty of lewd and indecent behavior; and 2. That they refused to state upon the bill of exceptions all the testimony that had been given in the case.

With regard to the last exception, it has long been settled in this court, that every part of the evidence ought to be stated; and there can be no question but that it should always be done, for it may frequently be impossible for a court to determine upon the pertinency or legality of testi- mony, to know whether it was improperly admitted or erro- neously overruled, unless they have a complete view of all that was before done in the case.   But this error, however injurious to the party, however palpable in the law, is not a ground of exception in this way, and it must be dismissed from our consideration.

But with respect to the first exception, though I at first doubted whether the character of the plaintiff could be con-

sidered as fairly involved in the issue, yet more mature reflection has satisfied me that no such doubt ought to exist, and that the evidence ought to have been admitted, at least, in mitigation of damages. A promise of marriage is a valid and obligatory contract. But if a man, ignorant of the real character of a woman, enters into an engagement of this nature, and afterwards discovers her to be lewd and unchaste, it is a sufficient justification for him to refuse a compliance with it. See 3 *Esp. N. P. Ca.* 236, *Foulkes* v. *Selway.* The case is similar to that in which a man sells a horse possessed of some latent defect, known only to the seller, for the full value of a sound one; it is a fraud which vitiates the whole contract.

All promises of this kind are founded upon a presumption of chastity on the part of the woman. This is the consideration of the contract, and where that consideration is discovered to have failed, she has herself been guilty of the first breach, and I should be strongly inclined to think the contract dissolved. We are not, however, called upon in this case to carry the principle to this extent; but we consider character to be so far in issue, that proof of lewd behavior goes to the action, at any rate in mitigation of damages, for a strumpet ought not to recover so much compensation for a violation of such a promise, as an innocent and modest woman. (*Johnson* v. *Caulkins*, 1 *John. Ca.* 116.)*

---

* Though particular instances of lewdness may be given in evidence, yet general bad character between the promise and the breach, cannot be given in evidence in mitigation of damages. 3 *Mass.* 139.